UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OCEAN MEXICANA, S. A. DE C.V. § | | CIVIL ACTION |
| Plaintiff § | | |
| § | | |
| § | | NUMBER: _____ |
| v. § | | |
| § | | |
| CROSS LOGISTICS, INC., and CROSS § | | |
| MARITIME, INC., jointly doing business as § | | SECTION __ |
| "Crossgroup" § | | |
| Defendants | | |

## COMPLAINT

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

Comes Now, Ocean Mexicana, S.A. de C.V. ("OM" or "Plaintiff"), by and through the undersigned counsel, and complains of Cross Logistics, Inc. ("CL") and Cross Maritime, Inc. ("CM"), jointly doing business as "Crossgroup," collectively "Defendants," and in support would show as follows:

FOR A FIRST CAUSE OF ACTION

1.

At all times pertinent hereto, plaintiff OM, is a Mexican corporation or similar entity duly organized, created and existing pursuant to the laws of Mexico, with power to sue and be sued, which entered into a contract for charter of the Housing barge designated "Crossmar 7" which was the subject of:

  a)  A September 5, 2013 Charter Party Agreement entered into by OM with
      CL and CM for leasing the vessel; and

b)     A Charter Party Agreement dated May 10, 2013 entered into by OM with Micoperi, S.r.L. ("MS") for utilization of the same barge, "Crossmar 7," for a specific purpose in the offshore Gulf of Mexico oil production business.

Plaintiff brings this action on its own behalf and on behalf of, and for, the interests of all parties who may be or become interested in the charter parties in question.

2.

Defendant, Cross Logistics, Inc. ("CL"), was and now is a Louisiana corporation or similar entity, with the power to sue and be sued, which regularly does business in Texas and/or the United States as a provider of goods, facilities and personnel in the offshore oilfield business, which does maintain a regular place of business in Louisiana and a designated registered agent for service of process.  Accordingly, Cross Logistics may be served c/o its registered agent: Ogden V. Thomas, or any of its corporate officers at its registered agent's office at 1950 South Van Avenue, P.O. Box 446, Houma, LA 70363, its home office address.

3.

Defendant, Cross Maritime, Inc. ("CM"), was and now is a Louisiana corporation or similar entity, with the power to sue and be sued, which regularly does business in Texas and/or the United States as a provider of goods, facilities and personnel in the offshore oilfield business, which does maintain a regular place of business in Louisiana and a designated registered agent for service of process.  Accordingly, Cross Maritime may be served c/o its registered agent: Ogden V. Thomas, or any of its corporate officers at 1950 South Van Avenue, P.O. Box 446, Houma, LA 70363, its home office address.

4.

CM and CL jointly do business as "Crossgroup."

5.

Plaintiff bases the subject matter jurisdiction of this Court on 28 U.S.C. Sec. 1332 Diversity of Citizenship, and the fact that the amount in controversy exceeds 75,000.00. Venue is proper in The Eastern District of Louisiana since the charter parties at issue provide for jurisdiction and venue in the federal court in New Orleans, Louisiana.

6.

Defendants CM and CL, jointly doing business as "Crossgroup," are in the business of leasing housing barges and other equipment for use in the oilfield industry. Crossgroup owned the housing barge designated "Crossmar 7" and leased it to OM on Sept. 5, 2013 for a period of three years beginning on Oct. 1, 2013 (Exhibit A attached and incorporated by reference herein for all purposes).

7.

Micoperi, S.R.L. ("MS") is a third party which is in the business of laying subsea pipelines and, to this effect, it utilizes housing barges and other equipment in the oilfield industry. MS leased the housing barge designated "Crossmar 7" from OM on May 10, 2013 and intended to use it in accordance with that lease on a month-to-month basis, with a minimum three month initial leasing period (Exhibit B attached and incorporated by reference herein for all purposes).

8.

Plaintiff OM is a corporation which mans and manages barges and vessels like the "Crossmar 7," which was the subject of the two leases mentioned above.

9.

On or about September 30, 2013, CM and CL sent a letter to OM stating that CM and CL were unilaterally cancelling the Sept. 5, 2013, charter party agreement (Exhibit A.) There was no offer of cure made in the letter, and no mention of an offer to permit OM to make restitution of any perceived non-compliance with the agreement, although Article 23 of the agreement required a five-day grace period (see Exhibit A attached and incorporated by reference herein for all purposes) with the intent and purpose to be an opportunity to cure.

10.

On October 1, 2013, MS sent a letter to OM unilaterally cancelling its May 10, 2013 charter party agreement with OM.

11.

It is OM's understanding that Crossgroup, on or after October 1, 2013, has made an agreement to lease the Crossmar 7 to MS, effectively eliminating OM's position in the leasing arrangements and committing an act of tortious interference with the charter party between OM and MS.

12.

As used herein, the term "covered period" refers to the three year charter party time-frame covered by the Exhibit A charter party.

13.

CM and CL have, during the covered period of the Exhibit A charter party, circumvented and interfered with OM's contract with MS, and have engaged in a pattern of conduct qualifying as tortious interference with OM's contract with MS.

14.

As a direct result of the clandestine agreement to cancel existing contracts and cut out OM from the contractual chain, Crossgroup has engaged in a pattern of conduct qualifying as tortious interference with OM's actual and prospective business relationships during the covered period.

15.

On October 3, 2013, OM offered to cure any alleged deficiencies existing in their contractual arrangement with Crossgoup, and demonstrated their ability to do so. However, on October 7, 2013 Crossgroup's attorneys rejected the efforts to cure under the grace period allowed by the charter party attached as Exhibit A.

FOR A SECOND CAUSE OF ACTION

Tortious Interference

16.

OM reiterates and incorporates the allegations of paragraphs 1-15 above, as if fully set forth herein.

17.

CM and CL, on or about October 1, 2013, made an agreement with MS to unlawfully terminate their existing contractual relationship with OM and enter into their own arrangement to lease the Crossmar 7 to MS. In doing so, Defendants CM and CL acted intentionally or recklessly, and without regard to the provisions of the Sept. 5, 2013 contractual agreement, attached as Exhibit A, effectively eliminating OM's status as provider of the Crossmar 7. Defendants CM and CL, thus, committed acts of tortious interference with OM's agreement with MS.

18.

As a direct and proximate result of CM and CL's tortious interference with the contractual agreement between OM and MS, OM lost the contract with MS, and other clients, and the profits it anticipated for the covered period of the Sept. 5, 2013 contract (Exhibit A) and has suffered damages for which it has not been compensated.

FOR A THIRD CAUSE OF ACTION

Breach of Contract

19.

OM reiterates and incorporates the allegations of paragraphs 1-18 as if fully set forth herein.

20.

On or about September 30, 2013, CM and CL sent a letter to OM stating that CM and CL were unilaterally cancelling the Sept. 5, 2013 charter party agreement.  There was no offer of cure made in the letter, and no mention of an offer to permit OM to make restitution of any perceived non-compliance with the agreement, although Article 23 of the agreement required a five-day grace period (see Exhibit A attached).

21.

On October 3, 2013, OM offered to cure any alleged deficiencies existing in their contractual arrangement with Crossgoup, and demonstrated their ability to do so. However, on October 7, 2013 Crossgroup's attorneys rejected the efforts to cure under the grace period allowed by the contract attached as Exhibit A.

22.

As a direct and proximate result of CM and CL's breach of contract, OM has incurred damages for which it has not been compensated.

23.

As a direct result of the activities above, Plaintiff suffered losses in the amount of ELEVEN MILLION TWO HUNDRED NINETY-SEVEN THOUSAND, SEVEN HUNDRED NINETY EIGHT AND NO/100 DOLLARS ($11,297,798.00), as nearly as same can now be estimated, for which Plaintiff demands payment from Defendants, jointly and severally.

24.

Plaintiff's damages resulted from Defendants' gross negligence, malice, or actual fraud in entering into a conspiracy to tortiously interfere with OM's existing contractual relationships. Plaintiff therefore seeks exemplary damages against Defendants, jointly and severally, in the amount of at least $3,000,000.00.

25.

All conditions precedent necessary to maintain this lawsuit have been performed or have occurred.

26.

Plaintiff presented this claim to Defendants more than thirty (30) days ago, but the claim has not been paid although duly demanded. Plaintiff has been required to secure the services of the undersigned attorney to bring these proceedings for the purpose of enforcing its rights as hereinabove described. Reasonable and necessary attorney's fees for such action (on the part of the attorney for Plaintiff) is an amount not less than $300,000.00 for which Plaintiff prays that this Honorable Court award, along with reasonable and necessary attorney's fees for any appeals.

27.

Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff OM prays:

1. That summons in due form of law may issue against Defendants CM and CL;

2. That a judgment may be entered in favor of Plaintiff OM against Defendants CM and CL jointly and severally, that CM and CL acted unlawfully as set forth above;

3. That Plaintiff OM be awarded damages, exemplary damages, interest, costs and attorney's fees jointly and severally from Defendants CM and CL; and

4. That this Court will grant to Plaintiff OM such other and further relief as may be just and proper.

Respectfully submitted,

**PUGH, ACCARDO, HAAS,
RADECKER & CAREY, LLC**

BY:  *s/Christopher E. Carey*
CHRISTOPHER E. CAREY (#1751)
MEGHAN B. SHUMAKER (#34088)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163-1132
Telephone: 504-799-4548
Facsimile: 504-799-4520
ccarey@pugh-law.com
mshumaker@pugh-law.com
**ATTORNEYS FOR PLAINTIFF
OCEAN MEXICANA, S.A. DE C.V.**

**OF COUNSEL:**
HILL RIVKINS LLP
Dana K. Martin
(TX BAR # 13057830)
Robert G. Moll
(TX BAR # 00784622)
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone: 713-222-1515
Direct Line: 713-457-2287
Telefax: 713-222-1359
E-mail: dmartin@hillrivkins.com
E-mail: rmoll@hillrivkins.com


**Please Issue Summonses and Certified Copies of Complaint for Service of Process As Follows:**

CROSS LOGISTICS, INC.
c/o Registered Agent for Service of Process
Ogden V. Thomas
1950 South Van Avenue
P. O. Box 446
Houma, LA 70363

and

CROSS MARITIME, INC.
c/o Registered Agent for Service of Process
Ogden V. Thomas
1950 South Van Avenue
P. O. Box 446
Houma, LA 70363